UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID MAURICE JACKSON, § <br> (Inmate # 2233617) § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> HARRIS COUNTY JAIL, § <br> § <br> § <br> Defendant. § | CIVIL ACTION NO. H-22-3222 |

**MEMORANDUM OPINION AND ORDER**

David Maurice Jackson is a pretrial detainee in the Harris County Jail. Representing himself, he has filed a complaint under 42 U.S.C. § 1983, naming the Jail as the only defendant. (Docket Entry No. 1). He has also filed a motion seeking leave to proceed without prepaying the filing fee. (Docket Entry No. 2). Because Jackson is a prisoner, the court is required to scrutinize his claims and dismiss his complaint in whole or in part if it determines that it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); *see also* 42 U.S.C. § 1997e(c). After reviewing Jackson's complaint, the court dismisses this case. The reasons are explained below.

**I.     Background**

Publicly available records show that Jackson is in jail awaiting trial on two charges of assault on a family member. *See* www.harriscountyso.org/JailInfo (last visited Sept. 28, 2022). In his complaint, Jackson alleges that he is being "verbally and mentally abused" by people he does not know who are telling him that they will aid or abet in the kidnapping of his children and will harm him. (Docket Entry No. 1, p. 3). Jackson alleges that the people are doing this so that

he will go crazy. (*Id.*). As relief, he seeks protection for his children, their mothers, and his mother. (*Id.*).

## II.     Legal Standards

Jackson brings his action under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, Jackson must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show deprivation of a federal right." *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (per curiam). The second element, which requires action "under color of state law," means that generally only *state* actors—not private parties—can be liable for violations of civil rights.[1] *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1283 (5th Cir. 1985).

Because Jackson is representing himself, the court is required to construe his pleadings under a less stringent standard of review. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam). Under this more lenient standard "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than

---

[1] Limited exceptions to this general rule exist when the plaintiff can show that the private actor was implementing an official government policy or when the private actor's actions are fairly attributable to the government. *See Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 312 (5th Cir. 2011). A private party who conspires with state actors to deprive another of his constitutional rights may also be considered a state actor. *See Priester v. Lowndes County*, 354 F.3d 414, 421 (5th Cir. 2004). Jackson does not allege facts triggering either of these exceptions.

formal pleadings drafted by lawyers.'" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). The court will liberally construe Jackson's complaint and its allegations.

### III.   Discussion

Jackson names the Harris County Jail as the only defendant, and he alleges that unnamed people at the Jail are threatening to harm him and kidnap his children. He does not allege that he has suffered any physical harm.

To the extent that Jackson sues the Jail, his complaint must be dismissed because the Jail is not a proper defendant. A party to a lawsuit must have the capacity to sue or be sued. *See* FED. R. CIV. P. 17(b). "The capacity of an entity to sue or be sued 'shall be determined by the law of the state in which the district court is held.'" *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting FED. R. CIV. P. 17(b) (1991)). Under Texas law, a county jail is not a separate legal entity capable of being sued. *See Patterson v. Harris Cty. Jail*, No. H-09-1516, 2009 WL 10705736, at *3 (S.D. Tex. May 29, 2009) ("As a division within the Harris County Sheriff's Department, the Harris County Jail does not qualify as an entity with capacity under the rules because it cannot sue or be sued."). Because the Jail lacks the capacity to be sued, it cannot be named as a defendant, and Jackson's claim against it must be dismissed.

Even if Jackson's complaint is construed liberally to allege that he is being verbally and mentally abused by jail officials, it does not state a claim. Section 1983 provides a remedy for the violation of either a federal constitutional or statutory right. *See West,* 487 U.S. at 48. "[M]ere threatening language and gestures of a custodial office[r] do not, even if true, amount to a constitutional violation." *McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir. 1983). Unless the prisoner has suffered some physical injury, allegations of threats, verbal abuse, and harassment are

insufficient to state a claim under § 1983. *See Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002)*; Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("[V]erbal abuse by a prison guard does not give rise to a cause of action under § 1983."); *Bender v. Brumley,* 1 F.3d 271, 274 n.4 (5th Cir. 1993) (verbal abuse is insufficient to serve as the legal basis of a civil rights action); *see also* 42 U.S.C. § 1997e(e) (precluding a prisoner confined in a jail, prison, or other correctional facility from bringing a claim for a mental or emotional injury suffered while in custody without a prior showing of physical injury). Jackson does not allege that he has suffered any physical injury, and any verbal or mental abuse he is suffering at the hands of jail officials is not a constitutional violation. Even construed liberally to refer to jail officials, Jackson's complaint fails to state a claim upon which relief can be granted.

Finally, to the extent that Jackson alleges that he is being verbally and mentally abused by other jail inmates, his complaint fails to state a claim upon which relief can be granted. Jail inmates are not state actors, and Jackson is not entitled to § 1983 relief based on the actions of private parties. *See Frazier*, 765 F.2d at 1283 ("Most constitutional rights are secured from infringement by governments, not private parties.") (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974)). Jackson's complaint for verbal and mental abuse by jail inmates fails to state a claim upon which relief can be granted.

The allegations of Jackson's complaint do not state a claim upon which relief can be granted even when construed liberally. His complaint is dismissed under 28 U.S.C. § 1915A(b)(1).

IV.     **Conclusion and Order**

Jackson's complaint, (Docket Entry No. 1), is dismissed with prejudice for failure to state a claim upon which relief can be granted. His motion to proceed without prepaying the filing fee, (Docket Entry No. 2), is denied. Any other pending motions are denied as moot. Final judgment

4

will be separately entered. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

**The Clerk will provide a copy of this order to the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.**

SIGNED on September 29, 2022, at Houston, Texas.

                                                             _____
                                                                            Lee H. Rosenthal
                                                                  Chief United States District Judge